UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VALENCIA COX, | ) | CASE NO. 25-32857 |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion to Allow Late Filed Proof of Claim (Dkt. No. 91) (the "Motion") filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"). The Debtor filed an Objection to the Motion (Dkt. No. 94). The Court set a hearing on the Motion on May 12, 2026 (Dkt. No. 92). The Debtor, pro se, and counsel for NewRez appeared and presented arguments at the May 12, 2026 hearing.

For the reasons set forth below, the Court DENIES the Motion.

**Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(a) and the referral to this Court pursuant to Joint Local Rule of Civil Practice for the United States District Court for the Eastern and Western Districts of Kentucky 83.12(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. § 1409.

**Background**

The Debtor initiated her Chapter 13 proceeding by filing a Petition on November 21, 2025. Following the filing of the Petition, the Court entered the Official Form 309I Notice of Chapter 13 Bankruptcy Case (Dkt. No. 13) ("Notice of Filing"). The Notice of Filing set a deadline for filing proofs of claim for January 30, 2026. As set forth in the Certificate of Notice (Dkt. No. 19), the Notice of Filing was served on creditors and other parties in interest by the Bankruptcy Noticing

1

Center (BNC). As set forth in the Certificate of Notice, the Notice of Filing was sent by electronic transmission by BNC to NewRez and also to its d/b/a Shellpoint Mortgage Servicing on November 24, 2025 as follows:

> **Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center**.
> Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 7448233 | + Email/Text: mtgbk@shellpointmtg.com | Nov 24 2025 19:02:00 | NewRezLLC, 1100 Virginia Drive Suite 125, Fort Washington Pennsylvania 19034-3235 |
| 7448231 | + Email/Text: mtgbk@shellpointmtg.com | Nov 24 2025 19:02:00 | Shellpoint Mortgage Servicing, Post Office Box 10826, Greenville South Carolina 29603-0826 |

(Certificate of Notice, Dkt. No. 19 (emphasis in original) (parties other than Movants omitted).)

On January 5, 2026, the Debtor filed her Chapter 13 Plan (Dkt. No. 24). The Debtor filed a Certificate of Service (Dkt. No. 25) indicating that she served the Plan on January 6, 2026 (24 days before the proof of claim deadline) by "First Class United States Mail" on "All Creditors Listed on the Creditor Matrix." The Debtor's original creditor matrix lists both NewRez and Shellpoint at the following mailing addresses:

> Shellpoint Mortgage Servicing
> Post Office Box 10826
> Greenville South Carolina 29603
>
> NewRez LLC
> 1100 Virginia Drive Suite 125
> Fort Washington Pennsylvania 19034

(Voluntary Petition, p. 14, Dkt. No. 1.)

By January 30, 2026, six non-governmental creditors filed proofs of claim as indicated in the Claims Register.

On February 18, 2026, counsel for NewRez filed a Notice of Appearance and Request for Notice in the case (Dkt. No. 30).

On February 23, 2026, after the January 30, 2026 deadline, NewRez filed a Proof of Claim numbered 7-1 in the amount of $552,706.99 ("Claim No. 7"). The claim was for money loaned to purchase real property located in Mount Washington, Kentucky. (Claim No. 7, p. 2.) The claim was signed under penalty of perjury and indicated it was secured by a mortgage on the real property. (*Id*. at 3.) NewRez attached a Note (*id*. at 13–16) and recorded Mortgage (*id*. at 17–31) to Claim No. 7 to evidence the secured nature of the claim. The address for notices on the proof of claim is the same address listed for Shellpoint in the Debtor's creditor matrix:

> NewRez LLC dba Shellpoint Mortgage Servicing
> PO Box 10826
> Greenville, SC 29603-0826

(Claim No. 7, p. 1.) The email address for notices identified for NewRez on Claim No. 7 is "mtgbk@newrez.com." (*Id*.)

On February 26, 2026, NewRez filed an objection (Dkt. No. 34) to the Debtor's proposed Chapter 13 Plan.

The Debtor filed an objection to every proof of claim filed in her case. Among those objections, on February 26, 2026, Debtor objected to NewRez's Claim No. 7. (Debtor's Consolidated Obj. to Proof of Claim No. 7, Dkt. No. 35) ("Objection to Claim No. 7").) Among the bases for her Objection to Claim No. 7, the Debtor argued that the claim was not timely filed. (*Id*. at 1, 3.) On March 30, 2026, NewRez filed a Response to the Debtor's Objection to Claim #7 (Dkt. No. 54) ("Response"). While NewRez raised various pertinent arguments in its Response,

3

NewRez did not respond, at all, to the Debtor's argument regarding the timeliness of the filing of Claim No. 7. (*See generally* Resp., Dkt. No. 54.) The Debtor filed a reply in support of her Objection to Claim No. 7, noting at the outset that NewRez did not respond to her timeliness argument. (Reply, p. 1, Dkt. No. 58.)

The Court set a hearing on the Debtor's Objection to Claim No. 7 on April 14, 2026 (Dkt. No. 55). At the hearing, the Debtor appeared and counsel for NewRez appeared by telephone. NewRez did not produce any evidence regarding its notice of the bankruptcy case or to justify the late filing of the claim. Instead, in response to the Court's direct inquiry regarding why the claim was filed late and the need to file a motion to late-file the claim, NewRez indicated it would file such a motion. To allow for such motion to be considered in conjunction with the Objection to Claim No. 7, the Court continued the hearing on the Debtor's Objection to Claim No. 7 until May 12, 2026 (Dkt. No. 74). Debtor filed a supplement to her Objection to Claim No. 7, reiterating the timeliness arguments (Dkt. No. 78).

On April 13, 2026, NewRez filed a motion for relief from stay regarding the collateral that is the subject of Claim No. 7 (Dkt. No. 72). Debtor objected to the motion for relief from stay (Dkt. No. 77). The Court set a hearing for NewRez's motion for relief from stay on May 12, 2026 (Dkt. No. 73).

On May 1, 2026, NewRez filed the Motion that is the subject of this Memorandum Opinion requesting that the Court allow its late-filed Claim No. 7 as timely filed. (Mot. to Allow Late Filed Claim, Dkt. No. 91.) In support of its Motion, NewRez stated that:

> Secured Creditor failed to timely file its Proof of Claim due to not receiving timely notice of the Bankruptcy filing. Per communications with LexisNexis, the company that provides said notices of filing, they are "*not finding any public records associated to your consumer identity. Finding no public records associated to an identity can be due to many factors.*"

4

(*Id*. at ¶ 6 (emphasis in original).) NewRez stated that it received the Notice of Bankruptcy filing in February 2026 and then "expedited" preparation of filing of Claim No. 7 on February 23, 2026. (*Id*. at ¶ 7.) NewRez's Motion provided no other explanation or evidence (such as a declaration, documentation, or affidavit) for filing Claim No. 7 after the claim deadline set forth in the Notice of Filing served on November 24, 2025; did not provide any evidence supporting the statement of counsel regarding noticing via "LexisNexis;" and relied solely on citation of "Federal Rule of Bankruptcy Procedure 3002(c)" for the Court's authority to allow the late filing of Claim No. 7. (*Id*. at 4.) The Court set a hearing for NewRez's Motion on May 12, 2026 (Dkt. No. 92), the date of the continued hearing on the Objection to Claim No. 7.

The Debtor filed an objection to NewRez's Motion on May 4, 2026 (Dkt. No. 94) ("Objection to Motion to Allow Claim"). The Debtor attached the Certificate of Notice certifying service of the Notice of Filing on NewRez by BNC. (Ex. A, Obj. to Mot. to Allow Claim, Dkt. No. 94.) The Debtor also noted that excusable neglect is not the applicable standard for considering whether to allow the late filing of a proof of claim in a Chapter 13 case and that, instead, a specific enumerated exception from Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule" or "Rule") 3002(c) must apply. (Obj. to Mot. to Allow Claim, p. 2.) Debtor also specifically argued that NewRez's "reliance on a third-party vendor (LexisNexis) is legally irrelevant where direct notice was provided through the Court's noticing system." (*Id*. at 3–4.) NewRez did not reply.

At the hearing on May 12, 2026, the Debtor appeared and counsel for NewRez appeared by telephone. The Court asked whether the Debtor had additional material to present other than in her filings. The Debtor stated that she did not. With respect to movant NewRez, in response to inquiries from the Court regarding service of the Notice of Filing on NewRez as certified in the Certificate of Service of record at Docket No. 19, NewRez was unable to provide any explanation

5

other than to note that counsel did not believe the email address on record with BNC was correct. NewRez made statements regarding its inclusion in the schedules and Plan and requested permission to argue excusable neglect (because it had not done so in its written Motion). NewRez, however, was unable to respond to the Court's inquiries, or use the opportunity to argue, whether NewRez could satisfy the standard for late-filing a proof of claim as set forth in Bankruptcy Rule 3002(c)(7), which governs the late-filing of claims in a Chapter 13 case. NewRez again relied on its argument that it did not receive service via LexisNexis, indicated that it was not aware that evidence would need to be presented at the hearing on its own motion, and requested more time or an evidentiary hearing to investigate service. The Debtor objected to NewRez receiving any additional time.

The Court took the matter under submission at the conclusion of the hearing.

**Analysis**

**I.      NewRez's Request for Additional Evidence**

At the conclusion of the May 12 hearing, NewRez requested an evidentiary hearing after indicating it did not understand that evidence may be needed to support its Motion and the argument that NewRez did not receive notice. The Debtor objected, noting that NewRez has had ample notice of the issues and opportunity to put evidence in the record. The Court agrees with the Debtor.

First, this is NewRez's motion. NewRez is the movant. The movant is required to support its own motion with whatever legal or evidentiary proof that is necessary to allow the Court to grant the motion.

Second, NewRez could have provided evidence regarding whether it received service from BNC or of some other explanation of lack or failure of notice from BNC on no less than five

occasions and failed to do so:

1. In NewRez's response to the Debtor's Objection to Claim No. 7, which stated as its first basis the untimely nature of NewRez's claim, NewRez did not address, with evidence or otherwise, that contention.

2. At the April 14, 2026 hearing on the Debtor's Objection to Claim 7, NewRez did not have a response to the Court's inquiry regarding the fact that the claim was filed late other than NewRez did not know why it had not received service and did not indicate it had any supporting evidence or request investigation. It was the Court that suggested that NewRez file a motion to late-file its claim and continued the hearing on the Debtor's Objection to Claim 7 to allow NewRez to do so.

3. In NewRez's Motion, NewRez provided no evidentiary support for the statements of counsel regarding alleged service via LexisNexis—not even a proffer.

4. The Debtor's Objection to Motion to Allow Claim specifically rebutted NewRez's LexisNexis argument stating: "Movant's reliance on a third-party vendor (LexisNexis) is legally irrelevant where direct notice was provided through the Court's noticing system." (Obj. to Mot. to Allow Claim, pp. 3–4, Dkt. No. 94.) NewRez failed to provide any reply.

5. At the hearing on NewRez's Motion, NewRez did not indicate what evidence it could provide or what the subject of a proffer would be regarding notice and service or lack thereof. Indeed, NewRez could not respond to the Court's inquires regarding the BNC Certificate of Notice except to state, without substantiation, that the email address BNC used was not correct.[1]

The Debtor's Objection to Claim No. 7 has been pending since the April 14th hearing. Despite sufficient opportunities, including those offered at the impetus of the Court, NewRez has provided nothing in the record to indicate to the Court that evidence could be procured to dispute the record showing that BNC completed service of the Notice of Filing with the proof of claim deadline on NewRez. Accordingly, this matter is ripe for resolution. *See In re Williams*, 674 B.R. 877, 880 (Bankr. N.D. Ill. 2025) (sustaining objection to claim even when creditor could file

---

[1]    NewRez's counsel stated that the email address BNC used did not match the email address NewRez provided on its Proof of Claim and was for a domain NewRez no longer used. Regardless of the fact that there is no evidence in the record to support counsel's statement, the email address on NewRez's Proof of Claim is not dispositive of notice of the case itself. NewRez received notice of the case, and the Proof of Claim deadline, via email from BNC. Simply noting a difference in the email address NewRez provided on its proof of claim for claim noticing purposes is not sufficient to show that the email with BNC is incorrect or, if incorrect, that it was not NewRez's responsibility to correct BNC's records.

motion to late-file claim when record suggested notice of bar date was sufficient); *see generally In re Wolfe*, No. BR 25-17763-TBM, 2026 WL 706118 (Bankr. D. Colo. Mar. 12, 2026) (denying motion to late file claim even when no party objected); *In re Kemper*, No. 24-30935-PES, 2025 WL 719959, at *1 (Bankr. N.D. Ind. Feb. 24, 2025) (same).

## II.    NewRez's Motion to Late-File Claim

There appears to be some confusion as to a creditor's ability to extend the deadline to file a proof of claim in a Chapter 13 case. Both the Debtor and NewRez generically cite Bankruptcy Rule 3002(c). To a certain extent, confusion is understandable. The standard set forth in the Bankruptcy Rules has been revised a number of times in recent years, and the standard for Chapter 7 and 13 cases differs from that in Chapter 11 cases. That said, the standard is set forth on the face of the Bankruptcy Rules, and upon application of that standard, the Court must deny NewRez's Motion.

### A.    The Applicable Standard

Bankruptcy Rule 3002(c) first sets forth the 70-day time period to file a proof of claim in a Chapter 13 case, and it then provides seven specific, enumerated exceptions to that time period. With respect to the circumstances here, only subsection (c)(7) applies, and it provides that:

> (7) *Extending the Time to File*. On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. *The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file*.

Fed. R. Bankr. P. 3002(c)(7) (emphasis added); *see In re Wolfe*, 2026 WL 706118, at *1 (finding motion to extend time to file claim filed after December 1, 2024 "governed exclusively by Fed. R. Bankr. P. 3002(c)(7)").

At the hearing on its Motion, NewRez referenced the excusable neglect standard used to evaluate certain kinds of motions to extend time. The excusable neglect standard, found in

8

Bankruptcy Rule 9006(b)(1)(B), however, does not apply to extensions under Rule 3002(c)(7). Bankruptcy Rule 9006(b)(3)(A) specifically limits this Court's ability to extend time under Rule 3002(c) to reasons "only as permitted by those rules [3002(c)]." Fed. R. Bankr. P. 9006(b)(3)(A); *see In re Martin*, No. 15-20581, 2023 WL 4759116, at *2 (Bankr. S.D.W. Va. July 25, 2023); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) (finding Rule 9006(b)(1) excusable neglect standard only applies to late-filing claims in Chapter 11 cases). Thus, in cases governed by Rule 3002(c)(7), "[p]er [Rule] 9006(b)(3)(A), the excusable neglect standard under [Rule] 9006(b)(1)(B) simply does not apply." *In re Wolfe*, 2026 WL 706118, at *1 (cleaned up); *In re Tench*, No. 15-8026, 2016 WL 2858792, at *3 (B.A.P. 6th Cir. May 11, 2016) (holding "allowance of late-filed claims due to 'excusable neglect'" under Rule 9006(b)(3) is not applicable to the deadlines set by Rule 3002(c)); *In re Maldonado*, No. 25-01357 MAG13, 2025 WL 3070681, at *4 (Bankr. D.P.R. Nov. 3, 2025) (following *Pioneer* and finding excusable neglect standard does not apply to extension requested in Chapter 13 case).

As explained in the notes to Bankruptcy Rule 3002, the Rule was amended to provide a single standard governing motions to extend time to file claims:

> Rule 3002(c)[7] is amended to provide a single standard for granting motions for an extension of time to file a proof of claim, whether the creditor has a domestic address or a foreign address. If the notice to such creditor was "insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim," the court may grant an extension.

Fed. R. Bankr. P. 3002 advisory committee's note (2022).

Thus, this Court may only grant NewRez's Motion if it finds that the notice NewRez received of the filing of the bankruptcy case "was insufficient to give the creditor a reasonable time to file." Fed. R. Bankr. P. 3002(c)(7). The Rule provides the sole basis for extension, and this Court may not rely on its equitable powers to extend the deadline—even if no one objects. *See In*

*re Kemper*, 2025 WL 719959, at *1 (citing *In re Martin*, 2023 WL 4759116, at *4); *In re Wolfe*, 2026 WL 706118, at *1. And in this case, the Debtor objected. It also does not matter that the Debtor scheduled NewRez's claim–a proof of claim is still required. *In re Williams*, 674 B.R. at 880.

### B.     Application of the Standard to NewRez's Motion

The Bankruptcy Code requires service of notice of the commencement of bankruptcy cases. Section 342(a) provides, "[t]here shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title." 11 U.S.C. § 342(a). Section 342(a) and Bankruptcy Rule 2002(f) require the Clerk of the bankruptcy court to send notice to the debtor and all creditors of the order for relief and of the deadline for filing claims.

Due process requires that notice of a bankruptcy case must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In this case, the bar date to file claims for non-governmental entities was January 30, 2026. NewRez filed Claim No. 7 on February 23, 2026, which was after the bar date. Thus, it is undisputed that NewRez filed Claim No. 7 late. Per Bankruptcy Rule 3002(c)(7), NewRez was required to show the notice it received was not sufficient to then timely file its proof of claim.

Per the record in this case, NewRez was served at least twice with notice of this case *before* the January 20, 2026 proof of claim deadline. First, the record shows that NewRez received notice of the proof of claim deadline on November 24, 2025 via electronic mail sent by BNC. (Certificate of Notice, Dkt. No. 19.) Second, the Debtor served her Chapter 13 Plan on NewRez by regular mail on January 6, 2026. (Certificate of Service, Dkt. No. 25.) Thus, the record evidences multiple

10

instances of service on NewRez sufficient to give it reasonable time to file a proof of claim.

In the Motion, NewRez does not dispute this record. Instead, NewRez argues that it did not receive notice from a third party, LexisNexis, who NewRez appears to have engaged to provide it with notice of cases. (Mot. to Allow Late Filed Claim, ¶ 6, Dkt. No. 91.) The fact that NewRez did not receive notice via a third party it engaged does not obviate, or evidence that new NewRez did not receive, the notices provided from the Court via BNC or from the Debtor.

In similar circumstances, the Bankruptcy Court in *In re Maldonado* found that the creditor failed to meet its burden to satisfy Bankruptcy Rule 3002(c)(7) when it received notice of the case via BNC and the creditor failed to present any evidence to rebut receipt of same. 2025 WL 3070681, at *4; *see also In re Kemper*, 2025 WL 719959, at *1 (finding change of personnel at law firm insufficient basis to grant motion to extend time to file claim when no evidence was provided that notice served was insufficient). Here, service of the Notice of Filing and the Plan provided NewRez with sufficient notice under the circumstances to give the creditor a reasonable time to file a proof of claim. NewRez's reference to communications with LexisNexis does not change the fact that notice was sent by the Clerk of Court and the Debtor to NewRez in sufficient time to file a timely proof of claim.

The Court is aware of the amount of NewRez's claim and the significance of same. However, the Court's decision cannot be influenced by the outcomes that may result from proper application of the Rules. Judge Slade provided an excellent analysis of the Rules regarding late-filing proofs of claim as applied to a Chapter 13 case, and some of the inequities of the Rules in that context. *See In re Williams*, 674 B.R. at 879–84. As in *Williams*, this Court is constrained to apply the Bankruptcy Rules as written. *Id*. at 884. In addition, any perceived inequities are offset by the fact that NewRez is not without remedy even if its claim is not allowed, including relief

from stay for cause pursuant to § 362(d)(1) of the Bankruptcy Code. *See In re Bauer*, 660 B.R. 649, 674–75 (Bankr. N.D. Ohio 2024)[2] (analyzing alternatives available to creditors with disallowed late-filed claims, "almost all of which offer substantial advantages" to participation in plan payments (internal quotations omitted) (citing and quoting *In re Brogden*, 274 B.R. 287, 293–94 (Bankr. M.D. Tenn. 2001))). In addition, Bankruptcy Rule 3002(a) specifically provides that failure to file a proof of claim does not affect a creditor's lien. Fed. R. Bankr. P. 3002(a) ("A lien that secures a claim against the debtor is not void solely because an entity failed to file a proof of claim.").

### Conclusion

Under Bankruptcy Rule 3002(c)(7), the Court finds that NewRez had sufficient notice due to the two separate notices that were sent to NewRez, which notices NewRez has not provided any explanation or evidence for not timely receiving. Accordingly, NewRez has not alleged sufficient grounds to support its motion to late-file its Proof of Claim No. 7. A separate Order consistent with this Memorandum Opinion will be entered this same date.

Mary E. Naumann
United States Bankruptcy Judge
Dated: June 12, 2026

---

[2]    In *In re Bauer*, the Bankruptcy Court disallowed a late-filed claim in a case where the creditor was not scheduled and provided evidence that it received no notice of the bankruptcy case. 660 B.R. at 667. It was not disputed that the creditor received *no* actual notice. This decision, however, was based on the version of Rule 3002 that existed on December 15, 2021. *Id*. As noted above, the language of the exceptions in Rule 3002(c) has changed several times, including the addition of the language in subsection (c)(7) specifically addressing situations where the creditor can show it did not receive sufficient notice, which may have changed the "difficult decision" reached in the *Bauer* case. *Id*. at 675 (internal quotations and citations omitted).